(August 23, 2001)

■ In the Matter of BONNIE GREEN, Appellant, v THOMAS P. DiNAPOLI et al., Respondents, et al., Respondents. [729 NYS2d 626] —In a proceeding pursuant to Election Law § 16-102, *inter alia*, to invalidate a designating petition and a certificate of acceptance of Thomas P. DiNapoli as a candidate in a primary election to be held on September 11, 2001, for the nomination of the Independence Party as its candidate for the public office of County Executive of the County of Nassau, the petitioner appeals, as limited by her brief, from so much of a final order of the Supreme Court, Nassau County (Phelan, J.), dated August 8, 2001, as, after a hearing, denied her petition and dismissed the proceeding.

Ordered that the final order is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is granted, the designating petition and the certificate of acceptance are invalidated, and the matter is remitted to the Nassau County Board of Elections to remove the name of Thomas P. DiNapoli from the appropriate ballot.

The delivery of the certificate of acceptance to an official of the Board of Elections within the statutory time limit did not comply with the statutory requirement that, at the time of filing, the certificate must "be endorsed * * * with the day, hour and minute of such filing" (Election Law § 6-144). The failure to strictly comply with the mandatory provisions of the Election Law is a fatal defect (*see,* Election Law § 1-106 [2]; *Matter of Carr v New York State Bd. of Elections,* 40 NY2d 556; *Matter of Pasquerella v Sunderland,* 207 AD2d 515). Accordingly,

the designation is null and void (*see,* Election Law § 6-146 [1]). Ritter, J. P., S. Miller, H. Miller, Smith and Townes, JJ., concur.